# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MARCUS TRAVIS,  
    Plaintiff

vs

OFFICER STEVE ERIC TIMBERLAKE, et al.,  
    Defendants

Case No. 1:08-cv-753

**ORDER**  
(Dlott, J.)

Plaintiff, an inmate at the Pickaway Correctional Institution in Orient, Ohio, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490

U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff, who is proceeding pro se, brings this action against Portsmouth, Ohio police officers Steve Eric Timberlake and Ron Davis. The complaint alleges that on February 24, 2006,

2

defendants Timberlake and Davis used excessive force against plaintiff during the process of an arrest. Plaintiff alleges he was punched and kicked by the officers, and suffers from headaches and scars on his head as a result. As relief, plaintiff seeks $50 million in damages.

Plaintiff's complaint must be dismissed as frivolous because his Fourth Amendment excessive use of force claim is barred by the applicable two-year statute of limitations governing section 1983 actions. *See Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (two-year statute of limitations applies to § 1983 claims brought in U.S. District Courts in Ohio); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (same). The statute of limitations commences to run when the plaintiff knows or has reason to know of his injury or when he should have discovered it through the exercise of reasonable diligence. *Id*. In the instant case, plaintiff's cause of action accrued on February 24, 2006, the date he alleges he was beaten by defendants. The statute of limitations expired February 24, 2008, two years later. Plaintiff's complaint was presented to the Court for filing on October 27, 2008, over eight months too late. Therefore, plaintiff's claim is barred by the statute of limitations.

When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint as frivolous is appropriate. *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995). *See Watson v. Wayne County*, 90 Fed. Appx. 814, 815 (6th Cir. 2004); *Norwood v. Michigan Department of Corrections*, 67 Fed. Appx. 286, 288 (6th Cir. 2003). *See also Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) ("Upon review, we conclude that the district court properly dismissed as frivolous Plaintiff's claims arising out of his incarceration at HCCF inasmuch as any such claim

is barred the by the applicable statute of limitations."). Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal on the basis that it is frivolous. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

S/Susan J. Dlott  
Susan J. Dlott, Judge  
United States District Court